# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0218, <u>Grace Woodham v. New Hampshire Fire Marshall & a.</u>, the court on March 2, 2021, issued the following order:**

The plaintiff's motion "for joinder, change of venue" is denied. Having considered the plaintiff's brief, the defendants' memoranda of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Grace Woodham, appeals orders of the Circuit Court (<u>Boyle</u>, J.) dismissing her small claim complaint against the defendants, the New Hampshire Office of the Fire Marshal (fire marshal), the Franconia Police Department (police department), and Presby Towing, on grounds that the pleading was illegible and failed to comply with District Division Rule 4.1, and denying her motion for reconsideration. We construe her brief to argue that the trial court: (1) deprived her of due process by dismissing the small claim complaint on the basis of its illegibility; and (2) erroneously determined that the fire marshal and police department were entitled to immunity. We affirm.

It is a long-standing rule that parties may not have review on appeal of issues that were not raised in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). It is the burden of the appealing party, here the plaintiff, to provide a record on appeal that is sufficient not only to decide the issues she is raising, but to establish that she properly raised those issues in the trial court. <u>Id</u>. Issues raised in a brief that are not supported by developed legal argument are waived. <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003). In this case, we conclude that the plaintiff has neither established that she raised her appellate issues in the trial court, nor adequately supported them with developed legal argument in her brief.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**